UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATH GOMEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-945** |
| **BIOMET 3I, LLC** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 12). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This case arises from a Petition for Relief and Request for Summary Proceeding filed by Plaintiff Heath Gomez in the 25th Judicial District Court of Louisiana pursuant to the Louisiana Wage Payment Act ("LWPA"). Plaintiff alleges that his former employer, Defendant Biomet 3i, LLC, intentionally manipulated its own bonus and incentive program to avoid paying Plaintiff the bonuses to which he was entitled. He seeks unpaid bonus compensation in excess of $100,000, as well as attorney's fees, costs, and penalty wages. The

1

LWPA provides procedures for expedited summary consideration of claims for unpaid wages.

In light of the amount in controversy and the diverse citizenship between Plaintiff and Defendant, Defendant removed the matter to this Court based on diversity jurisdiction.[1] Plaintiff responded with the instant Motion to Remand, arguing that this Court does not have jurisdiction over this matter because it is a summary proceeding or, alternatively, that the Court should abstain from exercising jurisdiction over this matter. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4]

---

[1] It is undisputed that Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Indiana.

[2] 28 U.S.C. § 1441.

[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[4] *Manguno*, 276 F.3d at 723.

## LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Subject matter jurisdiction in this case is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.[5] Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in excess of $75,000.[6] Plaintiff does not contest that the requirements of diversity jurisdiction are satisfied in this case. Rather, Plaintiff argues that this Court lacks jurisdiction because the LWPA entitles him to a summary proceeding.

In so arguing, Plaintiff does not cite to any law or binding precedent that limits this Court's jurisdiction to ordinary proceedings.[7] Instead, Plaintiff relies on *Glen 6 Associates Inc. v. Dedaj*, a Southern District of New York case that held that it did not have federal jurisdiction over a landlord–tenant summary proceeding—even though there was diversity among the parties and the proper amount in controversy—because New York summary proceedings are so different than ordinary trial proceedings that a summary proceeding could not have been brought to federal court originally.[8] Plaintiff argues that because the statute in *Glen 6 Associates* and the LWPA are similar in the way that they are constructed, this Court should apply that reasoning in this case.

---

[5] *See* 28 U.S.C. § 1332.
[6] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[7] *See* Villenurve v. New River Shopping Ctr., LLC, No. CV 17-303-SDD-EWD, 2017 WL 5147659, at *5 (M.D. La. Sept. 14, 2017), *report and recommendation adopted*, No. CV 17-303-SDD-EWD, 2017 WL 5147153 (M.D. La. Nov. 6, 2017) (noting that "Plaintiffs present no controlling authority from this Circuit requiring" abstention from summary eviction proceedings).
[8] Glen 6 Assocs., Inc. v. Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991).

In *Weems v. McCloud*, however, the Fifth Circuit held that the summary nature of a state court proceeding does not automatically preclude the suit from being subject to federal jurisdiction.[9] The court explained that state court proceedings that have specialized rules and functions are still suits "at common law and equity" for federal jurisdiction purposes.[10] In its reasoning, the Fifth Circuit explained that states cannot "enlarge or restrict" federal jurisdiction by "creating special proceedings or special tribunals."[11] Indeed, the Supreme Court has held that a state cannot, "by making special provisions for the trial of any particular controversy, prevent the exercise of the right of removal."[12] At least one federal district court in Louisiana has relied on *Weems* and its reasoning to maintain diversity jurisdiction over an LWPA claim.[13] Accordingly, this Court declines Plaintiff's invitation to follow the reasoning in *Glen 6 Associates* and, instead, holds that its jurisdiction over this matter is proper.

### B. Abstention

Next, Plaintiff argues that the Court should abstain from exercising federal jurisdiction over this matter. Pursuant to the *Burford* abstention doctrine, federal courts should abstain from exercising jurisdiction in cases: "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in

---

[9] Weems v. McCloud, 619 F.2d 1081, 1088 (5th Cir. 1980).
[10] *Id.*
[11] *Id.*
[12] Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 249 (1905).
[13] *See* McDowell v. Perkinelmer Las, Inc., 369 F. Supp. 2d 839, 848 (M.D. La 2005).

a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."[14] "*Burford* abstention is an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it."[15] Courts consider the following factors when determining whether *Burford* abstention is appropriate:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.[16]

After considering these factors, the Court finds that *Burford* abstention is inappropriate here. At the outset, Plaintiff has not identified an unsettled question of state law at issue. The elements of the LWPA are well-settled, and Plaintiff's claim appears to be a straightforward suit for unpaid bonuses.[17] Next, while the state has an interest in ensuring its workers are paid appropriately, *Burford* abstention is warranted only where "the state interests at stake are 'paramount.'"[18] Plaintiff also has not identified any concern "that federal resolution of this suit would disrupt Louisiana's efforts to establish a coherent policy" in its wage payment scheme.[19] As to the fifth factor, LWPA claims are reviewed in state court, which is not a special state forum for the

---

[14] Grace Ranch, L.L.C. v. BP Am. Prod. Co., 989 F.3d 301, 313 (5th Cir. 2021), *as revised* (Feb. 26, 2021). Plaintiff does not suggest that any other abstention doctrine applies.

[15] Stratta v. Roe, 961 F.3d 340, 356 (5th Cir. 2020).

[16] Chisom v. Jindal, 890 F. Supp. 2d 696, 725 (E.D. La. 2012).

[17] *See* Cavin v. Westport Linen Servs., LLC, 2018 WL 11319130, at *5 (M.D. La. Feb. 20, 2018) (stating that the elements of the LWPA are "well settled").

[18] *Grace Ranch, L.L.C.,* 989 F.3d at 316.

[19] *Id.*

5

purposes of *Burford* abstention.[20] The fact that state courts follow a different procedure for LWPA claims than other claims does not constitute a special state forum. Accordingly, the factors weigh against abstention, and this Court declines to abstain from exercising its jurisdiction over this matter.

Finally, the Court notes that Plaintiff has also raised arguments regarding his entitlement to expedited consideration of his claim and the permissibility of Defendant's counterclaim. The Court advises that it will consider these issues if the appropriate motions are filed.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 8th day of December, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See Stratta*, 961 F.3d at 358.